(No. 40149.—

H. J. TOBLER TRUCKING COMPANY, Appellant, *vs.* THE
INDUSTRIAL COMMISSION *et al.*—(WILLIAM H. HARPER,
Appellee.)

*Opinion filed May 18, 1967.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (LYLE
W. ALLEN, of counsel,) for appellant.

BECKWITH, GREENBERG, JANSSEN & BECKER, of Peoria,
(BRUCE R. BECKER, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

This is an appeal from a judgment of the circuit court
of Tazewell County affirming the decision of the Industrial
Commission awarding compensation to petitioner, William
Harper, for injuries sustained while in the employment of
H. J. Tobler Trucking Company.

From the record we find that petitioner claimed injury

on January 26, 1962 while employed by the respondent, and filed an application for an adjustment of that claim. Petitioner again claimed injury as a result of a second accident while working for the respondent on March 20, 1963, and filed a second application for adjustment of claim founded upon the last occurrence. He was examined on May 11, 1963, by Dr. Harold Diller for the purpose of presenting evidence in regard to his first claim which was heard by an arbitrator on May 13, 1963, and resulted in an award of compensation for 10% loss of the use of the right leg. This award became final when no request for review was filed. Dr. Diller examined petitioner again on October 1, 1963, for the purpose of the hearing on the second claim. This hearing was had on July 23, 1964, and the doctor's written report of the October examination was admitted without objection with the understanding that "if the doctor were here he would testify to only the material, competent and relevant portions thereof". The arbitrator then found that as a result of the previous and independent injury, petitioner suffered 10% permanent partial loss of the use of the right leg and was compensated therefor and that the injury sustained on March 20, 1963, caused additional loss of the use of the right leg so that now petitioner, together with the previous loss, suffered a permanent and complete loss of that leg to the extent of 17½%, and awarded compensation to the extent of 7½% on the last claim.

On review petitioner presented the testimony of Dr. Diller who stated, in response to a hypothetical question, that a causal connection existed between the pathology which he found on his examination of October 1, 1963, and the accident of March 20, 1963. Respondent objected to the form of the hypothetical question on the ground that it did not contain sufficient facts concerning petitioner's prior injury and award therefor. The Commission overruled this objection on the basis that the hypothetical question contained the fact of the prior accident and the amount of

compensation awarded and that these were the only facts in evidence regarding the first accident. Subsequently, the Commission affirmed the award.

Respondent's sole issue presented on appeal is whether petitioner sustained any permanent partial disability as a result of his second accident for which compensation should be allowed. In effect, it argues that petitioner should not have been awarded additional compensation for his second accident inasmuch as the first award was for permanent partial disability for the injuries incurred as a result of both accidents. Respondent bases its argument on the chronology of the events involved in petitioner's two claims. It points out that petitioner's first accident occurred on January 26, 1962, his second accident on March 20, 1963, and that he was not examined, for purposes of presenting evidence to the commission concerning the injury sustained as a result of the first accident, until May 11, 1963, nearly two months after the date of the second accident. It further points out that, thereafter, the Commission on the basis of the first medical examination, determined that petitioner had 10% permanent partial loss of use of the right leg. Respondent concludes that this determination represents the total permanent partial disability sustained by petitioner from both accidents, since it was based on an examination of petitioner's condition subsequent to both injuries, and that, therefore, if the doctrine of permanency of disability is to have any meaning, the Commission's finding that petitioner had an additional permanent partial loss of use of the right leg must be overturned, absent a showing by petitioner of intervening aggravation of his injury.

We do not agree. The Commission based its finding that petitioner had 17½% permanent partial loss of use of the right leg upon competent evidence, including the doctor's report of his October examination of petitioner. The doctor testified before the Commission concerning the causality and the nature and extent of petitioner's injuries. Hence, it is

clear from the record that there was substantial evidence to support the Commission's finding.

Contrariwise, there is no evidence in the record to support respondent's express assertion that the earlier award of 10% loss of use of the right leg represented the total permanent disability sustained by petitioner or respondent's implied assertion that the doctor's findings from his examination of May and October 1963 were identical. Even though the medical examination of May 11, 1963, which was the basis of the Commission's award of 10% loss, occurred subsequent to both injuries, it does not necessarily follow that the award of 10% was for both injuries. It can be assumed that the Commission in its hearing on the first claim apportioned the award with respect to which accident caused the corresponding injuries. Thus, we conclude that the only proposition clearly established by the record before us is that petitioner had a 17½% loss of use of his right leg as of the date of his last examination.

Respondent seeks to vitiate this conclusion by contending that the Commission improperly restricted the scope of the record by overruling its objection to petitioner's hypothetical question. The Commission found that the hypothetical question contained all the relevant facts admitted in evidence surrounding the first injury and the award therefor. The record does not indicate that respondent made an attempt at any stage of the proceedings on the second claim to introduce additional facts concerning petitioner's previous injury. In effect, respondent is attempting to introduce these facts through its contention on appeal that the Commission improperly limited the factual content of a hypothetical question. However, respondent waived the introduction of this evidence below and it is axiomatic that where evidence was not offered during the trial of a matter, it cannot be introduced for the first time on appeal. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*