**James Groves and Betty Taylor, Plaintiffs-Appellants, v. Joseph H. Sebastian, Defendant-Appellee.**

Gen. No. 51,948.

First District.

July 8, 1968.

Sidney J. Sexner, of Chicago (Harry C. Erdos, Sidney J. Sexner, E. Randall Beider, and Seymour H. Persky, of counsel), for appellants.

Ernest K. Koehler, of Chicago (Robert E. Gordon, of counsel), for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The case was at issue. The defendant was defaulted for nonappearance at pretrial conferences. Plaintiffs proved up their damages arising from an automobile accident and judgment was entered in favor of the plaintiff-Groves for $2,500 and in favor of the plaintiff-Taylor for $1,500 on jury verdicts. Defendant filed its petition under CPA § 72, Ill Rev Stats 1965, c 110, § 72. Plaintiffs answered the petition. The trial court allowed the petition, vacated the judgments and plaintiffs appeal.

The case was set for pretrial hearing on March 8, 1966. Plaintiffs appeared; defendant didn't. It was reset on March 28, 1966. Plaintiffs appeared; defendant didn't. The case was set for proof of damages before a jury for April 22. There being no jury available at that time, it was continued to May 20. Prove-up of damages was then made before a jury resulting in the judgments. Garnishee summons was served August 4 on defendant's insurance carrier returnable August 25. Insurance Company defaulted. Conditional judgment was entered against the garnishee on August 25 by default. It moved to set aside the conditional judgment on September 1 and it was vacated and the garnishee granted leave to answer. It filed an answer of "no funds." On September 22, garnishee appeared and presented a petition to vacate the judgments entered on May 20. The trial

court allowed the petition, vacated the judgments and in so doing stated "these motions are directed to the equity powers of the court and to the conscience of the court. And I could not in good conscience let a $4,000 judgment stand in this case where there is a soft-tissue injury and about $300 or $400 out of pocket." This appeal is from this order.

It appears that the defendant's law firm moved their offices in October 1964, and testified that they received no actual notice of the March 8 or March 28 pretrial conference. They further stated that when they moved to their new location they had a mass mailing to the courts and adversaries of the change of address. It further appears that the original file in this case was misplaced and was originally restored at plaintiffs' request around August 1. The clerk of the court testified that notice of the March 8 and 28 settings was mailed to both counsel. Plaintiffs' counsel received his notice and appeared. The garnishment summons was served on August 4, and a few days later plaintiffs' attorney received a call from someone purporting to represent the law office of the defendant and full information was then given. The return date of the garnishment was August 25, 1966. At that time no one appeared for garnishee and the conditional judgment was entered. On August 26, notice of a motion to confirm the conditional judgment on September 1 was mailed. Defendant-garnishee appeared and requested that the conditional judgment be vacated and it be permitted to answer. The motion was allowed and answer of "no funds" filed. On September 21, plaintiffs' attorney received a notice and a copy of the petition under CPA § 72 to vacate the original judgments.

The same attorneys appeared for the defendant in the original suit and as attorneys for the insurance company in the garnishment action. In the recent case of Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 467, 236 NE2d 719, 720, the court states:

349

"Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (Citing cases.) . . . The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."

In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, it is clear that a petition filed under section 72 invokes the equitable powers of a court as justice and fundamental fairness require to the end that no one may enforce a default judgment attended by unfair, unreasonable or unconscionable circumstances. In Elfman, supra, it is to be noted that the plaintiff in proving up his default amended his complaint and sought recovery for medical expenses not related to the occurrence. This is patently inequitable and unjust and the court so held. In Widicus v. Southwestern Elec. Co-op., Inc., 26 Ill App2d 102, 167 NE2d 799, the court points out that justice will not be done if hasty defaults are allowed any more than justice will not be done if continuing delays are permitted. Under the facts in that case, the court held that the default should have been set aside as it worked only an injustice to the defendant without any corresponding proper benefit to the plaintiff.

There can be no doubt in this record but that the defendant-insurance company received its garnishee summons on August 4, and it was forty-nine days later before it instituted any action of any kind to set aside the original judgments. Indeed it even permitted a conditional judgment to go against it by default. Thus, forty-nine days elapsed without any action on its part after unquestioned knowledge of the existence of the May 20 judgments. We recognize as did the Supreme

350

Court in Esczuk that the great volume of litigation in metropolitan centers imposes upon the courts and upon litigants the necessity for a reasonable accommodation in the matter of notices to the end that no one will be inequitably deprived of the right to be heard on any matter. There is nothing in this record suggesting that any fraud, mistake, fundamental unfairness or unconscionable behavior on the part of the plaintiffs or the court led to this default or tainted the judgments which typically proper section 72 relief requires.

In Elmwood Ford Motors, Inc. v. Mardegan, 42 Ill App2d 342, 192 NE2d 445, the petitioner delayed seventeen days after garnishment summons was served before filing his petition to vacate under CPA § 72. The trial court denied his petition. The Appellate Court held that the seventeen-day delay was not the diligence required by section 72 and affirmed. A like result should obtain here. The trial court should have denied the defendant's petition to vacate. Even if the defendant did not actually receive the notices of the two pretrial conferences, it is apparent that reasonable diligence on his part would have disclosed the facts either before or after service of garnishee summons. Neither the file of the plaintiffs nor the restored court file disclosed any change of address notice. It seems strange that both of these as well as the March 8 and 28 notices would have gone astray.

Accordingly, the order vacating the judgments must be reversed and the cause remanded to the trial court with directions to vacate such order and reinstate the original judgments. It is so ordered.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.