WILLIAM C. HAYES, SR., Plaintiff-Appellant, *v.* PREFERRED RISK MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Fifth District No. 77-87

Opinion filed November 16, 1978.

Jerome J. Schlichter and David J. Letvin, both of Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville (James E. Gorman, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, William C. Hayes, Sr., appeals from the judgment of the Circuit Court of St. Clair County entered on a jury verdict in favor of the defendant, Preferred Risk Mutual Insurance Company. He alleges that he suffered damages as a result of Preferred's termination of his insurance agency.

The resolution of this controversy depends on the construction of a written agency agreement entered into by the parties in February of 1956. The relevant portions of the contract reveal the following:

(1) Either party could terminate the agreement at will;

(2) In the event of termination the agent had a right to future commissions recognized as a "limited property right," and the agent had the right to sell or transfer this interest to another;

(3) If the agent were unable to procure a purchaser or effect a transfer, the Company could, at its option, purchase the "limited property right" on the basis of "one-times the renewal commissions" payable on policies written during the previous year and in effect at the time of cancellation.

On April 1, 1971, Hayes received a letter from Preferred notifying him that effective May 31, 1971, his agency contract would be canceled.

In mid-April, Hayes' customers began receiving letters from Preferred entitled "Notice of Policy Expiration." The customers were informed that Hayes no longer represented Preferred and that their policies would expire at the end of their respective terms. The letter encouraged the customers to contact Hayes so that he could continue to be their agent and place their insurance with another company. The letter also provided an opportunity for the customers to remain with Preferred if they so desired; approximately one-half of the customers did renew with Preferred.

During this time, Hayes made no attempt to sell or transfer his "limited property right."

After the agency was terminated, Hayes filed suit alleging that Preferred terminated the agency in order to acquire plaintiff's commissions and that said cancellation was arbitrary, without just cause and in bad faith.

The trial court directed a verdict in favor of defendant and plaintiff appealed. This court reversed and remanded with directions in *Hayes v. Preferred Risk Mutual Insurance Co.*, 28 Ill. App. 3d 443, 328 N.E.2d 709 (5th Dist. 1975).

Construing the agency contract, we held that "[t]he contract itself,

apart from any duty of the parties to act in good faith, embodies a promise by the company to allow Hayes a reasonable opportunity to find a buyer for his 'limited property right.' " (*Hayes*, 28 Ill. App. 3d 443, 448, 328 N.E.2d 709, 712.) We further held that whether the two months between April 1 and May 31 was a reasonable time in which to sell the "limited property right" was a question for the jury and that if the company decided to appropriate for itself the benefit of that "limited property right," it would have to pay the amount determined by formula in the contract.

On retrial, plaintiff amended his complaint alleging that defendant cancelled the agency to acquire his commissions and that defendant failed to provide him with a reasonable opportunity to sell his "limited property right."

After opening statements, plaintiff moved the court *in limine* for a protective order barring defendant from showing Hayes' earnings (other than from Preferred clients) in the year following the termination. The court reserved ruling on the motion but later permitted Preferred to show Hayes' post-termination earnings despite plaintiff's objections.

The jury returned a verdict for the defendant.

Hayes now appeals to this court alleging that our previous opinion stood for the proposition that defendant had appropriated plaintiff's "limited property right" and that consequently, the trial court erred in not awarding a minimum recovery of "one-times the renewal commissions" as provided in the contract.

■■ We first note that plaintiff neither presented at trial nor in his post-trial motion his theory that our prior decision mandated the finding that Preferred had as a matter of law appropriated Hayes' property right. Plaintiff cannot now raise this issue on appeal having failed to preserve it in the court below. *Bridges v. Neighbors*, 32 Ill. App. 3d 704, 336 N.E.2d 233 (5th Dist. 1975).

■■ Even if plaintiff had properly preserved this issue for appeal, his argument is without merit. We did not rule, as misinterpreted by the plaintiff, that defendant had acquired Hayes' "limited property right." Rather, we held that if defendant appropriated Hayes' "limited property right" it would have to pay him the "one-times renewal rate" as provided in the contract. In any event, we find it curious that plaintiff now argues for the first time on appeal that he is entitled to a minimum recovery where previously at trial he had properly modeled his jury instructions after our original opinion. "The rule is well-settled that a party may not assert error on the basis of instructions which he has caused to be given to the jury." *Ervin v. Sears, Roebuck & Co.*, 65 Ill. 2d 140, 144, 357 N.E.2d 500 (1976).

■■ ■ Plaintiff also contends that the jury's verdict was contrary to the

evidence. We disagree. The jury was confronted with resolving the issues of whether defendant appropriated Hayes' property right and whether Hayes was given a reasonable opportunity to procure a purchase for his property right. Although plaintiff had the burden of proof on both issues, he introduced no evidence on what constituted a reasonable time or opportunity in which to sell his agency. In addition, plaintiff made no attempt to transfer the agency, insisting that he had nothing to sell by virtue of Preferred's appropriation of the "limited property right." While the letter entitled "Notice of Policy Expiration" provided an opportunity for plaintiff's customers to renew their policies with Preferred, the letter strongly encouraged the customers to remain with Hayes. The evidence shows that approximately one-half of the customers continued with Preferred. Apparently the other customers chose to remain with Hayes, thus enabling him to place them with another company or to select another agent. Where reasonable minds can differ as to inferences made from factual determinations, a jury's verdict cannot be overturned unless it is clearly against the manifest weight of the evidence. *Denniston v. Skelly Oil Co.*, 47 Ill. App. 3d 1054, 362 N.E.2d 712 (3d Dist. 1977).

■■ Finally, plaintiff alleges that he was prejudiced when his post-termination earnings were admitted into evidence over his objection. Were it not for the unusual circumstances surrounding this case, such an allegation might have merit. However, Hayes in his complaint alleged that Preferred had terminated his agency in order to acquire his commissions and in so doing raised the issue of damages resulting from his loss in commissions. In an attempt to mitigate damages, Preferred offered evidence of Hayes' post-termination earnings, to demonstrate not only that Hayes did not lose commissions as a result of the termination but in fact earned more commissions in the subsequent year. "Generally, a party charged with tort or breach of contract may adduce, in mitigation or reduction of damages, evidence of any fact tending to reduce the amount required for just compensation." (15 Ill. L. & Prac. *Damages* §232 (1968).) Now, on appeal, plaintiff attempts to argue the loss of a "limited property right" rather than commissions and that the evidence of his post-termination earnings was prejudicial to this issue. As was simply stated in *Westlake v. Moffitt* "[a] party will not be permitted to argue one theory to the trial court and another to the appellate court." 30 Ill. App. 3d 597, 598-99, 334 N.E.2d 198, 199-200 (4th Dist. 1975).

For the foregoing reasons, we affirm the judgment of the Circuit Court of St. Clair County.

Affirmed.

G. J. MORAN and KUNCE, JJ., concur.