DEBRA VULETICH, Plaintiff-Appellant, v. ROSE P. ALIVOTVODIC et al., Defendants-Appellees.

First District (1st Division)   No. 77-1282

Opinion filed July 2, 1979.

928

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (Andrew J. Horwitz, of counsel), for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, John W. Dondanville, and Daniel J. Cheely, of counsel), for appellee Rose P. Alivotvodic.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Edward V. Scoby, of counsel), for appellee G. Heileman Brewing Company, Inc.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:
This is an appeal from an order of the circuit court of Cook County denying plaintiff's motion to vacate the summary judgment of October 18, 1976, in favor of defendant G. Heileman Brewing Company, Inc. (hereinafter Heileman), and defendant Rose P. Alivotvodic individually and d/b/a Sully's Jump Inn (hereinafter jointly considered as Alivotvodic). This action was instituted by the plaintiff, Debra Vuletich, for damages incurred when she was struck by a vehicle driven by co-defendant Stanley Kolibowski (hereinafter Kolibowski) on August 10, 1973, at approximately 2 a.m. as she was walking in the vicinity of South Torrence Avenue, Chicago. Plaintiff's second amended complaint asserted various theories of recovery against three defendants: Kolibowski, Alivotvodic and Heileman. The entry of the summary judgment, however, was confined to the product liability allegations contained in counts VII, VIII, and IX of the second amended complaint. We affirm.

The record reveals that on the evening of August 10, 1973, defendant Kolibowski attended the races at Maywood Park racetrack and then went to Sully's Jump Inn, his neighborhood bar. While at the tavern, he consumed a shot of Calvert's whiskey, four 8- or 10-ounce glasses of Old Style draft beer manufactured by defendant Heileman, a beef sandwich with a side dish of raw onion slices, pickles and mild banana peppers, two hard-boiled eggs and a package of peanuts. The record also reveals that earlier that day Kolibowski had eaten some homemade soup at home and

a frozen custard and a bag of popcorn at the racetrack. Kolibowski was proceeding on Torrence Avenue on his way home after the tavern closed when he struck plaintiff.

Counts VII, VIII, and IX alleged liability against Alivotvodic and Heileman for preparing, manufacturing, and distributing food and beer in an unreasonably dangerous and unwholesome condition and that this condition proximately caused Kolibowski to become disoriented and dazed so that he lost control of his vehicle, striking and injuring plaintiff.

In an effort to discover the nature of the condition in the Old Style beer upon which plaintiff premised liability, defendant Alivotvodic filed a demand for bill of particulars requesting the plaintiff to state in what manner the draft beer was unwholesome, unreasonably dangerous, impure, harmful and unfit for human consumption. Plaintiff replied stating that she did not know what element in the beer caused it to be adulterated. Heileman sought a similar clarification from the plaintiff in a written interrogatory. In answering the interrogatory, the plaintiff stated that she had no knowledge as to the beer's unwholesome nature but that an investigation continued in this regard.

Subsequently, defendants Alivotvodic and Heileman filed motions for summary judgment on the basis that no genuine issue of material fact existed and attached as support co-defendant Kolibowski's deposition of March 17, 1976. In his deposition Kolibowski testified that he noticed nothing unusual about the food or beer that he consumed at Sully's Jump Inn on the evening of August 9, 1973, and in the early hours of August 10, that he did not feel ill after consuming these items, detected no foreign matter or objects in the beer, that the beer had looked normal, had a good head on it, and had been refreshing, that the food had no unusual taste to it but had been as good as ever, that he did not personally know nor had anyone told him that the food or beer was contaminated in any way and finally that neither the food nor beer had made him sick.

In opposition to the defendant's motion for summary judgment, plaintiff filed the affidavit of Officer Barton Howes who conducted the on-scene investigation of the accident shortly after its occurrence. In this affidavit Officer Howes stated that Kolibowski appeared unstable and dazed after the accident, staggered, had slurred speech, complained that he did not feel well, and that Kolibowski concluded that his condition was caused by bad food or drink. Howes stated that it was his opinion that Kolibowski was either extremely ill or intoxicated on the morning of August 10, 1973. The plaintiff also filed with the court excerpts from Kolibowski's depositions of November 13, 1974, and March 17, 1976. On October 18, 1976, the trial court entered the order granting the summary judgment to Heileman and Alivotvodic. Thereafter, plaintiff filed a motion for rehearing seeking time to have a medical expert review the

evidence to determine whether the food or beer was unwholesome or unreasonably dangerous. In conjunction with this effort plaintiff filed the affidavit and deposition of Dr. Frank Fiorese. Dr. Fiorese, a Ph.D. in organic chemistry specializing in toxicology, stated that in his educational and professional judgment it was possible that a person in Mr. Kolibowski's condition suffered from intoxication or from the presence of bacterial toxins in either the food or drink he had consumed. On June 6, 1977, after extensive briefing the trial court affirmed its order of October 18, 1976, granting the summary judgments. It is from this order that the plaintiff appeals.

■■ The plaintiff alleges that genuine issues of material fact existed in the affidavits and depositions on file in this case and that, therefore, the trial court erred in granting a summary judgment in favor of defendants Alivotvodic and Heileman. It is well established that a summary judgment will only be entered in favor of the moving party where the pleadings, depositions, admissions, and affidavits demonstrate that no genuine issue of fact exists which warrants trying the case. Ill. Rev. Stat. 1975, ch. 110, par. 57; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862; *Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 350 N.E.2d 202.

■■ A plaintiff in a strict liability action has the burden of proof to plead and prove every fact necessary to sustain his cause of action. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.) That burden requires that the plaintiff prove "that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." (32 Ill. 2d 612, 623.) While a plaintiff is not normally required to prove his case at this preliminary stage, he must present some facts which could be construed as supporting his allegations. *Hunt v. Blasius*; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184; *Weber v. Woods* (1975), 31 Ill. App. 3d 122, 334 N.E.2d 857; *Shramek v. General Motors Corp.* (1966), 69 Ill. App. 2d 72, 216 N.E.2d 244.

■■ The cornerstone of plaintiff's cause of action in regards to the products liability counts is that an unreasonably dangerous condition existed in the food or beer consumed by Kolibowski at Sully's Jump Inn on the night of his accident with the plaintiff. Without this proof her case must fail. We find that a review of the record reveals the absence of any direct evidence of such a condition. The defendant Kolibowski was never examined by a physician or other medical person either on the night of the accident, the next morning or at any time thereafter in order to determine what disorder, if any, he suffered from at the time of the accident. More importantly, no tests were conducted of the contents of

his stomach from which to determine whether the food or beer was adulterated, unwholesome, or otherwise contaminated or of samples from other food or beer taken from Sully's Jump Inn shortly after the incident. Additionally, the plaintiff has indicated that she will never be able to bring forth any direct evidence of the condition of the beer because of the nature of this case. Accordingly, the plaintiff has failed to support her allegation that an unreasonably dangerous condition existed by direct evidence.

The plaintiff contends that circumstantial evidence may be used to prove that such a condition existed and that the affidavits and depositions of Dr. Fiorese, Officer Howes, and Kolibowski supply sufficient circumstantial evidence to support her allegations and moreover raise genuine issues of material fact concerning the nature of the food and beer sufficient to warrant a trial on the strict liability allegations. While the defendants do not disagree with the proposition that circumstantial evidence may be sufficient to sustain a plaintiff's burden of proof, they argue that the plaintiff here has failed to sustain her burden because the evidence that she offered in support of her allegations was too speculative to require the inference that the food or beer was in an unreasonably dangerous condition, that the condition caused Kolibowki's behavior, or that the condition existed at the time that it left the defendants' control. We agree.

■ It is well established that a plaintiff in a strict liability action may establish a prima facie case exclusively from circumstantial evidence. (*Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449; *Mullen v. General Motors Corp.* (1975), 32 Ill. App. 3d 122, 336 N.E.2d 338; *Neighbors v. City of Sullivan* (1975), 31 Ill. App. 3d 657, 334 N.E.2d 409; *Rockett v. Chevrolet Motor Division, General Motors Corp.* (1975), 31 Ill. App. 3d 217, 334 N.E.2d 764.) However, to be sufficient for that purpose, the circumstantial evidence must exclude other extrinsic causes of the accident (*Mullen v. General Motors Corp.*; *Garofalo v. General Motors Corp.* (1968), 103 Ill. App. 2d 389, 243 N.E.2d 691), and as the court stated in *Rockett*, circumstantial evidence must give "rise to a reasonable inference that the injury resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time it left defendant's control * * *." (31 Ill. App. 3d 217, 221.) Accordingly, it is quite clear that liability cannot be based on speculation, guess, or conjecture. *Rockett v. Chevrolet Motor Division, General Motors Corp.*; *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 321 N.E.2d 528; *Garofalo v. General Motors Corp.*; *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 243 N.E.2d 657; *Shramek v. General Motors Corp.* (1966), 69 Ill. App. 2d 72, 216 N.E.2d 244.

The requirement that a plaintiff prove the essential elements of her case based on nonspeculative evidence has been long recognized in foodstuff cases. (*Tiffin v. Great Atlantic & Pacific Tea Co.* (1959), 18 Ill. 2d 48, 162 N.E.2d 406; *Bowman v. Woodway Stores, Inc.* (1931), 345 Ill. 110, 177 N.E. 727; *Shaw v. Swift & Co.* (1953), 351 Ill. App. 135, 114 N.E.2d 230.) *Tiffin*, one of the leading cases in this area, is instructive. There a plaintiff sought to recover for damages claimed to have been sustained from eating a processed ham manufactured by Armour and Company and sold to the plaintiff by A & P. *Tiffin* presented a much stronger factual case than the case at hand because only those members of the family that consumed the ham became ill and because tests were conducted which linked the death with the presence of food poisoning. Nevertheless, a judgment for plaintiff was reversed because there was no direct evidence to support the allegation that the ham was unwholesome when it was sold. The plaintiff alleged that circumstantial evidence was sufficient to sustain her proof; however, the court concluded that the evidence only showed the possibility that the illness may have resulted from the presence of a particular type of bacteria and only the probability that the ham was the contaminated agent. The court explained that:

> "Liability may not be based on imagination, speculation, or mere conjecture, and the question of its existence should be submitted for jury determination only where there is some direct evidence supporting each material allegation of the complaint or some circumstantial evidence from which inferences of such facts clearly preponderate." 18 Ill. 2d 48, 60.

■■ Similarly, in this case the evidence is too speculative to require the inference that the food or beer was in an unreasonably dangerous condition. The plaintiff contends that the affidavit and deposition of Dr. Fiorese, plaintiff's toxicologist, supported her allegation that the food or beer was unreasonably dangerous. While an expert's testimony may sustain a plaintiff's burden in a strict liability action (*Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401; *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74; *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.* (1973), 12 Ill. App. 3d 165, 298 N.E.2d 289), an expert in a foodstuff case must be able to identify not only the cause of the plaintiff's death or illness but also that an unreasonably dangerous condition existed in the particular food or beverage at the time it left the control of the manufacturer or distributor and that this condition caused the plaintiff's injuries. *Tiffin v. Great Atlantic & Pacific Tea Co.*; *Bowman v. Woodway Stores.*

■■ ■ Dr. Fiorese was unable to state whether the food or beer was contaminated or whether Kolibowski's condition was caused by illness rather than intoxication. Therefore, his affidavit and deposition did not

require the inference that an unreasonably dangerous condition existed and as such failed to support the plaintiff's allegations. The affidavits and depositions of Officer Howes and Kolibowski also failed to support the theory that the food or beer was unreasonably dangerous. Officer Howes stated that Kolibowski staggered, slurred his words, and appeared dazed when he encountered him at the scene of the accident. However, he admitted that he could not state whether he was ill or intoxicated. Kolibowski's deposition reveals that Kolibowski did not vomit at any time on the night of the 9th or the day of the 10th, a general symptom of food poisoning, that he felt fine the next morning and that he denied being either intoxicated or ill at the time of the accident.

■■■ We recognize that affidavits, depositions, and pleadings in support of a motion for summary judgment are strictly construed, while those in opposition receive liberal construction, with any benefit of the doubt going to the party resisting the motion. (*In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862; *Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629; *Hendricks v. Deterts* (1973), 13 Ill. App. 3d 976, 301 N.E.2d 625.) However, it is impossible to conclude from this evidence that Kolibowski was sick rather than intoxicated or that if sick that his condition resulted from the food or beer that he consumed at Sully's Jump Inn rather than from food he had eaten at home or at the racetrack earlier that evening or from the shot of Calvert's whiskey that Kolibowski stated he also had at Sully's. Therefore, we find that the trial court properly granted a summary judgment in favor of defendants. *Shramek v. General Motors Co.* (1966), 69 Ill. App. 2d 72, 216 N.E.2d 244.

The plaintiff asserts on appeal that it was not necessary to present either direct or circumstantial evidence of the unreasonably dangerous nature of the beer because the intoxicating quality of the beer rendered the Old Style beer inherently dangerous. Our review of the record reveals that this issue was not raised in the trial court. Accordingly, it is not properly before us on appeal. *H. J. Tobler Trucking Co. v. Industrial Com.* (1967), 37 Ill. 2d 341, 226 N.E.2d 601; *Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 387 N.E.2d 714; *Hayes v. Preferred Risk Mutual Insurance Co.* (1978), 66 Ill. App. 3d 112, 383 N.E.2d 669.

For the foregoing reasons the order of the circuit court of Cook County granting summary judgment to defendants Heileman and Alivotvodic will be affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.