ILLINOIS MARINE TOWING CORP. *et al.*, Plaintiffs-Appellees, *v.* CHARLES BLACK, Sr., *et al.*, Defendants-Appellants.

First District (1st Division)    No. 78-423

Opinion filed August 6, 1979.

Herbert M. Berman, of Berman and Landrum, Ltd., of Chicago, for appellants.

Michael A. Moses, of Bloom, Denberg and Vanasco, Ltd., of Chicago, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Illinois Marine Towing, Seymour Miller, and Harvey Ansel filed an action in the circuit court of Cook County on October 7, 1976, against defendants, Charles Black and Seneca Enterprises, Inc. (hereinafter Seneca). When defendants did not answer by February 10, 1977, plaintiffs sought and obtained a default judgment against them. On October 17, 1977, the defendants filed a motion to vacate the default judgment pursuant to section 72 of the Civil Practice Act; this motion was denied. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) A second petition, filed on January 5, 1978, was also denied. It is from this second order that the defendants appeal. We affirm.

The plaintiffs' law suit arose from the parties formation of a corporation known as Seneca Enterprises, Inc. for "the purpose of excavating, transporting and selling sand and gravel, and to operate docks and provide docking and fleeting services." Their three count complaint sought an accounting for profits from the corporation and the return of monies contributed by plaintiffs Miller and Ansel to Seneca as shareholders, as well as the return of or fair market value of the Lois C., an oil screw motor vessel, owned by Illinois Marine which had been wrongfully converted by defendants. The complaint was premised on the allegation that Black fraudulently induced plaintiffs into handing over this property without ever intending to share the corporation's profits with them.

Summons was issued by the clerk of the circuit court of Cook County on October 7, 1976, and served upon defendant Black by personal service

and upon Seneca by personal service upon Black as its agent, by a sheriff of La Salle County, Illinois. The defendants failed to file an appearance or otherwise plead within the requisite 30 days. (Ill. Rev. Stat. 1975, ch. 110A, par. 101(d).) On February 10, 1977, over four months after the filing of their complaint, the plaintiffs obtained a default judgment. On March 24, 1977, after hearing testimony concerning damages, a judgment order was entered in favor of plaintiffs in the amount of $249,500. On September 2, 1977, defendants were served with a citation to discover assets. Defendant Black appeared before the court on September 22, 1977, at which time the citation proceeding was continued until October 4, 1977. On October 17, 1977, the defendants filed a section 72 petition to set aside the default judgment. This petition was denied and the defendants did not appeal from that order. On January 5, 1978, the defendants filed a second section 72 petition to again attempt to vacate the default judgment. This petition was also denied and it is from this order that the defendants now appeal.

■■ The defendants initially contend that the trial court's award of $249,500 to the plaintiffs was erroneous because they were given no opportunity to be heard on the issue of damages and because the plaintiffs failed to bring forth any evidence to support their claim for damages. It is the defendants' view that these errors required the trial court to vacate the default judgment. This argument was not raised in defendants' second section 72 petition out of which this appeal arises. Furthermore, the record on appeal contains only the pleadings filed in this matter; it does not include a transcript of the original damages hearing or a transcript of either section 72 hearing. It is well established that a party raising an issue on appeal must present an adequate record (*In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433; *Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 340 N.E.2d 36), and that a matter may not be raised for the first time on appeal. (*Tobler Trucking Co. v. Industrial Com.* (1967), 37 Ill. 2d 341, 226 N.E.2d 601; *Hayes v. Preferred Risk Mutual Insurance Co.* (1978), 66 Ill. App. 3d 112, 383 N.E.2d 669; *McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 333 N.E.2d 659.) As the defendants have failed to afford this court these transcripts, we are unable to ascertain whether the defendants did raise this argument in the trial court. Under this circumstance, the question may not be argued for the first time on appeal. (*Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 310 N.E.2d 786.) As such, we will assume that the award of damages was correct. *Amalgamated Trust & Savings Bank*; *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 357 N.E.2d 180.

■■ It remains to be considered whether the trial court abused its

authority by denying the defendants' second section 72 petition to vacate judgment. This court has not been afforded a transcript of either section 72 hearing as already noted. Consequently, our review will be limited to a consideration of whether the petition was substantially insufficient at law. Section 72 provides a procedure by which final orders, judgments, and decrees may be vacated after 30 days. (Ill. Rev. Stat. 1975, ch. 110, par. 72(1); *Calabrese v. Hatlen Heights Sewer & Water Co.* (1966), 34 Ill. 2d 483, 216 N.E.2d 145.) It is designed to bring to the attention of the trial court any facts which, if known to the court at the time judgment was entered, would have altered the judgment. (*Putnam v. People* (1951), 408 Ill. 582, 97 N.E.2d 841, *cert. denied* (1953), 344 U.S. 923, 97 L. Ed. 711, 73 S. Ct. 389; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Akers v. Christen* (1973), 11 Ill. App. 3d 369, 296 N.E.2d 774.) Where a default judgment has been entered, a section 72 petition invokes the equitable powers of the court to insure that the default does not offend the dictates of justice or fairness. *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609; 190 N.E.2d 348, *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291.

In order to obtain relief under a section 72 petition, as the court in *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284, recently noted, a party must demonstrate (1) a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the trial court in the original action; (3) that through no fault of his own an error of fact was made or a defense or claim was not raised; and (4) due diligence in filing the section 72 petition. The petitioner must set forth sufficient factual allegations in support of each of these elements in order to prevail. While a liberal construction is given to the petition to prevent an unjust result (*Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 365 N.E.2d 375), a section 72 petition is not a substitute for an appeal or a vehicle to relitigate a matter already validly adjudicated. (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25; *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524.) Whether a section 72 petition should be granted lies within the sound discretion of the trial court. As such, it will only be disturbed on appeal where the trial court has abused this discretion. *David Plywood & Lumber Co.*; *Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■ A review of the two section 72 petitions filed in this case indicates that in the second section 72 petition the defendants alleged the defense that: (1) no sale agreement was consummated regarding the vessel Lois C. because plaintiffs did not possess good title to the vessel; (2) plaintiffs never supplied the business with operating capital as alleged; and (3) the business made no profits during its operation, only losses. While these allegations would appear to demonstrate a meritorious defense, this

defense was not alleged in the first section 72 petition filed[1] although it must have been known to the defendants at that time. The defendants have offered no explanation for failing to allege this defense in the first petition, nor have they alleged that the facts surrounding the defense were newly discovered. Accordingly, the defendants have not sufficiently alleged that they acted diligently in presenting this defense or that it was through no fault of their own that the defense was not raised in the earlier petition. See *Brunswick v. Mandel*; *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 336 N.E.2d 628.

■■ Furthermore, the defendants did not present sufficient facts to prove that they were diligent in filing the second section 72 petition. That petition was filed over 48 days after the filing of the first petition and approximately 14 months after the defendant alleged he obtained knowledge of the suit. This is not the diligence required by section 72. *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 355; *Groves v. Sebastian* (1968), 98 Ill. App. 2d 347, 240 N.E.2d 192.

■■ The defendants assert that they took no action concerning the defense because their attorneys were pursuing the matter for them. The record reveals that the defendants denied being served with a summons in this case on October 13, 1976, as indicated by the sheriff on the reverse side of the summons. Furthermore, they denied receipt of a letter dated November 13, 1976 from the law firm which had represented defendants in other matters stating that: (1) a copy of the complaint and summons filed in this matter had been received by them on November 12, 1976; (2) that if defendants wished to have the firm represent them in this matter, certain conditions would have to be met; and (3) that in the event that defendants did not notify the firm of their intention to retain the firm, defendants should realize that a default may have been entered and if entered, would have to be vacated within 30 days of its entry. There is no indication from the record that these conditions were met. Moreover, it is well established that section 72 does not afford a remedy to a party who has been negligent or whose trial counsel has been negligent. (*Brunswick v. Mandel*; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Lammert v. Lammert Industries, Inc.*; *Stewart v. Beegun* (1970), 126 Ill. App. 2d 129, 261 N.E.2d 495.) Therefore, even if the defendants' assertion that they retained and relied upon counsel were supported by the record, the defendants were under the responsibility to follow their own lawsuit. *Brunswick v. Mandel*; *Esczuk v. Chicago*

---

[1] The first section 72 petition stated that the defendant Black had no recollection of being served in this suit and received no notice of the default until September 2, 1977 when he received the Citation to Discover Assets.

914

*Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Lammert v. Lammert Industries, Inc.*

■■ Defendants have made reference to a number of decisions which have relaxed the due diligence standard because one party fraudulently withheld knowledge of some fact from another party. The defendants urge that this principle should be applied here because the plaintiffs failed to inform the defendants of their intent to move for the default or of its existence once granted. We disagree. The plaintiffs were under no responsibility to provide the defendants with notice in either instance under the Civil Practice Act (*Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 350 N.E.2d 252), and, therefore, plaintiffs' silence could not be characterized as fraudulent. *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130; *Mathews v. Atlas Liquors, Inc.* (1971), 132 Ill. App. 2d 608, 270 N.E.2d 453.

For the aforesaid reasons the order of the circuit court of Cook County, denying defendants' section 72 motion, is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.