THORBEST STALLWORTH, Plaintiff-Appellee, *v.* THURMAN THOMAS, Defendant-Appellant.

First District (4th Division)    No. 78-2045

Opinion filed April 24, 1980.

Robert E. Williams, of Chicago, for appellant.

David E. Greenstein, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

This is an appeal by defendant, Thurman Thomas, from an order entered in the circuit court of Cook County, denying his section 72 petition to vacate an *ex parte* judgment entered in favor of plaintiff, Thorbest Stallworth, for personal injuries and property damage which resulted from an automobile accident. Defendant also appeals from the order denying him a rehearing on this petition. The issues presented for review are whether the court erred in denying defendant's section 72 petition for lack of diligence, and whether these decisions denied defendant equal protection of the law.

On October 18, 1974, plaintiff and defendant were involved in an automobile accident. Thereafter, on October 21, 1975, John Stallworth filed a lawsuit against defendant for property damage to an automobile resulting from this accident. Defendant filed a countercomplaint against John Stallworth, and a third-party complaint against Thorbest Stallworth

for damages to his car. By agreement of the parties, an order was entered on March 10, 1976, dismissing all these actions with prejudice.

Subsequently, on September 15, 1976, plaintiff instituted the present action to recover $5,000 for personal injuries and property damage allegedly sustained as a result of the same collision. Defendant again filed a countercomplaint for damages to his car in the amount of $800. Plaintiff moved to dismiss the countercomplaint for setting forth a cause of action which had already been disposed of in the previous suit. The court granted the motion, and dismissed the countercomplaint on March 23, 1977.

The court record indicates that the case came up on the regular nonjury trial schedule and was called on May 2, 1978, and again on May 24, 1978. The case was continued to June 30, 1978, at which time an *ex parte* judgment was entered against defendant in the amount of $1,000. A copy of the notice of judgment sent to the Secretary of State was filed with the court on July 24, 1978, and defendant received notice of this judgment from the Secretary of State on September 7, 1978. Defendant claims this was the first notice he had that a judgment was entered against him.

On September 20, 1978, defendant, by his attorney, filed a section 72 petition to vacate the judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The petition was unverified and alleged that defendant had a meritorious defense since the accident occurred because of plaintiff's failure to yield the right-of-way to defendant. It also alleged that defendant had been actively involved in defending and prosecuting both cases relating to the accident, and was diligent in presenting the petition for relief 13 days after the date on which defendant claimed that he received notice of the entry of the judgment.

The petition was denied on the date it was filed, and defendant on October 18, 1978, petitioned the court for a rehearing submitting affidavits and a memorandum of law in support of his petition. The affidavit of defendant stated that he had no knowledge of any of the court dates, and that plaintiff did not inform him of the judgment or levy an execution within 30 days of the entry of judgment. Defendant further claimed in his affidavit that he was deceived by plaintiff's lack of notice, and that he was led to believe that dismissal of the prior lawsuit terminated the entire matter. Defendant's attorney executed a similar affidavit claiming lack of notice of the trial dates or the entry of the *ex parte* judgment, and also alleging that plaintiff's attorney led him to believe that the entire matter was terminated when the agreement to dismiss was entered in the prior case.

The court denied defendant's request for a rehearing on October 26,

1978. Five days later defendant filed a notice of appeal from both of these orders.

A notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)), and a judgment or order granting or denying any of the relief under section 72 of the Civil Practice Act is appealable without a finding by the court that there is no reason for delaying enforcement or appeal (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)). Applying these statutory provisions to the instant case, we find that defendant did not file a timely appeal, and consequently, we do not have jurisdiction.

■■ Defendant's petition to vacate the *ex parte* judgment was denied on September 20, 1978. This was a final and appealable order; however, defendant did not file a notice of appeal until October 31, 1978, following the denial of his petition for rehearing on October 18, 1978. Since a petition for rehearing of an order denying relief under section 72 does not extend the time for filing a notice of appeal (*Dempster Plaza State Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 404 N.E.2d 303; *Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703), we conclude that the appeal was not filed in a timely manner and dismiss it for lack of jurisdiction.

Moreover, even if this court did have jurisdiction over the matter, we do not believe that the facts alleged justify relief, and find no abuse of discretion in the trial court's denial of defendant's petition to vacate.

■■ This court has not been afforded a transcript of either hearing on defendant's section 72 petition; therefore, our review will be limited to a consideration of whether the petition was substantially insufficient at law. (*Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707.) The order of the court denying defendant's petition for a rehearing stated that arguments were heard on defendant's initial petition, and the court was fully advised in the premises. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 312 N.E.2d 801; *Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 251 N.E.2d 390.

■■ Section 72 of the Civil Practice Act provides a procedure by which final orders, judgments and decrees may be vacated after 30 days of their entry. (Ill. Rev. Stat. 1977, ch. 110, par. 72(1).) To warrant such relief, a petitioner must demonstrate the existence of a meritorious defense or claim, due diligence in presenting this defense or claim in the original action, that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered, and due diligence in filing the petition for section 72 relief (*Mitchell v. Seidler*

(1979), 68 Ill. App. 3d 478, 386 N.E.2d 284). In addition, the petitioner must set forth specific factual allegations supporting each of the above elements (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518), and must prove his right to the relief sought by a preponderance of the evidence (*McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 333 N.E.2d 659).

This court is justified in disturbing the trial court's decision concerning a section 72 petition only if it finds that the trial court has abused its discretion. *Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 357 N.E.2d 1044; *Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 381 N.E.2d 27.

■ In the instant case, defendant's section 72 petition was insufficient as a matter of law to support the relief requested. The petition presented to the trial court in September 1978 was unverified and contained no affidavits in support of the allegations contained in the petition as required by section 72(2). (Ill. Rev. Stat. 1977, ch. 110, par. 72(2).) It has been previously held that allegations in support of a section 72 petition unsworn to by a party with personal knowledge renders the petition inadequate and insufficient at law. See *Mitchell v. Seidler*; *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187.

Further, a section 72 petition must show that the failure to defend was the result of an excusable mistake and that petitioner acted reasonably and not negligently when he failed to resist the judgment. (*Chase v. Cummingham*; *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903; *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.) The only reason given by defendant for his failure to defend on the trial date was the failure of the plaintiff to notify defendant or his attorney of the court date. But is well established that a litigant has to follow the progress of his case (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719), and inadvertent failure to do so is not a ground for relief (*Diacou v. Palos State Bank.*) While defendant outlines the manner in which he actively pursued the case up to the point when his countercomplaint was dismissed, there is no allegation or evidence to show that defendant or his attorney checked the status of the case for the next 15 months when the matter came to trial. Section 72 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or the negligence of his trial counsel (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 97). Defendant has failed to show that he acted with diligence.

■ Defendant also urges the court to invoke its equitable powers as justice and fairness require (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d

609, 190 N.E.2d 348), and that the conduct of the parties be examined to determine the sufficiency of the section 72 petition (*Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 209 N.E.2d 358), so that a just result may be achieved (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116). He takes the position that plaintiff's failure to notify defendant of the court dates is sufficient to invoke the equitable powers of the court. We disagree. Plaintiff was under no responsibility to provide defendant with notice, and in the absence of any indications of fraud or deception on the part of plaintiff in obtaining the *ex parte* judgment, the diligence standard will not be relaxed. *Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 350 N.E.2d 252; *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707.

Defendant has not provided any evidence which would demonstrate fraud or unconscionable behavior on the part of the court or the litigants, nor any indications that plaintiff was deceptive in obtaining the judgment (*Hunt v. General Improvements, Inc.* (1977), 48 Ill. App. 3d 421, 362 N.E.2d 1134). He has not provided facts to show that the reason his defense was not made known to the trial court was excusable or no fault of his own (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294), rather it is apparent that the dismissal resulted from the failure of defendant to follow his case. Accordingly, the appeal is dismissed.

JOHNSON and ROMITI, JJ., concur.