DEBORAH SMITH, Plaintiff-Appellant, v. KELLY SMITH, Defendant-Appellee.

Fifth District   No. 5—87—0492

Opinion filed May 23, 1988.

682

Don W. Weber, of Collinsville, for appellant.

Thomas E. Hildebrand, Jr., of Brandt, Slate & Hildebrand, of Granite City, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Deborah Smith, appeals from an order of the circuit court of Madison County denying a petition for post-judgment relief which she brought against defendant, Kelly Smith, pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). In that petition, plaintiff asked the circuit court to vacate a previous order, filed on August 29, 1986, which had granted a motion by defendant to modify custody and given him sole custody

of the parties' daughter, Jennifer. On this appeal, plaintiff argues that the circuit court erred in denying her petition because she was out of State when the hearing on defendant's motion to modify was conducted and she did not have adequate notice of it. For the reasons which follow, we affirm.

The marriage between plaintiff and defendant was dissolved in October of 1984, and plaintiff was given custody of Jennifer subject to visitation rights by defendant. The circuit court subsequently modified the visitation schedule, by order dated May 10, 1985, after plaintiff remarried and moved to Kentucky. In its order of May 10, the court specified, *inter alia,* that defendant was to be allowed to have visitation with Jennifer between December 26, 1985, and January 1, 1986. When that time came, however, plaintiff refused to allow defendant to see Jennifer. Defendant thereupon sought an injunction to compel plaintiff to abide by the May 10 order, and he petitioned to have plaintiff held in contempt of court for violation of that order. Because plaintiff had apparently moved back to Illinois from Kentucky by this time, defendant also asked the court to review the visitation schedule it had established.

On December 31, 1985, the circuit court ordered plaintiff to deliver Jennifer to defendant immediately for a period of visitation which was to last until January 5, 1986. At the same time, the court set a hearing date of January 22, 1986, for defendant's contempt petition and petition for review of the visitation schedule. Pending that hearing, plaintiff was directed to keep Jennifer within this State.

Thereafter, the January 22 hearing date was continued at the request of plaintiff's attorney, but in allowing the continuance, the circuit court specified that defendant was to have visitation with Jennifer every weekend until the new hearing date. When plaintiff refused to abide by this requirement, defendant once again petitioned to have her held in contempt of court.

The record suggests that plaintiff did not want defendant to have contact with Jennifer because she feared that he suffered from herpes. On April 16, 1986, the circuit court took defendant's second contempt petition under advisement and ordered him to furnish medical evidence that he was not infected by that disease. Pending receipt of such evidence, the court ordered plaintiff to deliver Jennifer to defendant's mother in Madison, Illinois, for a period of visitation commencing on April 19, 1986. Once evidence was received establishing that defendant did not have herpes, defendant was to be given visitation every other weekend, two weeks each summer, plus an extra week in the summer of 1986 to make up for the visit he was denied

the previous December.

Defendant submitted test results to the court which proved that plaintiff's concerns about herpes were unfounded. Accordingly, on April 29, 1986, the court issued an order providing that the visitation schedule established in the April 16 order was to take effect immediately and that defendant was to be allowed to take Jennifer during the coming weekend, May 2-4. Plaintiff still refused to comply. Once more defendant was forced to seek injunctive relief and a contempt of court citation against plaintiff. Once more the court ruled that defendant should be allowed to exercise his visitation rights. In an order filed on May 9, the court directed that defendant was to have visitation with Jennifer from noon that day until 7 p.m. on May 11 and that the remaining issues would be heard on May 14.

Incredibly, plaintiff persisted in disobeying the circuit court. Her attorney then moved to withdraw from the case. Although substitute counsel appeared for her at the May 14 hearing, plaintiff herself did not show up. After hearing evidence, the court concluded that plaintiff had willfully failed and refused to comply with its previous orders on visitation, despite admonishment, and ordered the sheriff to take custody of plaintiff and bring her before the court.

Unknown to defendant or the court was that plaintiff had already fled the jurisdiction to prevent visitation by defendant. She ultimately relocated to Washington State. There, she enrolled Jennifer in school under a fictitious name, identified herself as one "Lynn Tellor," and told school officials that Jennifer's father was deceased. Plaintiff's second husband did not accompany her. Indeed, plaintiff testified that she had not seen him since shortly after they were married.

On May 30, 1986, defendant petitioned the court to modify custody and to grant custody of Jennifer to him. A copy of the petition, brought pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 610), was duly served on plaintiff's substitute counsel, who had by this time entered a formal appearance on her behalf. On July 3, 1986, counsel for both parties were notified that a hearing on defendant's petition would be held on October 6, 1986.

Shortly thereafter, plaintiff's substitute counsel sought leave to withdraw from the case, but he was not granted such leave until August 1, 1986. The court then gave plaintiff 21 days to find a new lawyer. Following expiration of that period, defendant successfully moved to have a hearing on his petition to modify rescheduled for August 29, 1986. Plaintiff still had not come out of hiding, the sheriff had been unable to locate her, and she had failed to retain a new lawyer, so the

court directed that notice of the revised hearing date be sent to her at her last known address and to her mother's house, where her mail was being forwarded.

At the August 29 hearing, the court heard evidence on defendant's petition to modify. Plaintiff did not attend, nor did she have a lawyer appear on her behalf. After evidence was presented, the court ruled, *inter alia*, that defendant was to have sole custody of Jennifer. The question of plaintiff's visitation rights was reserved. Defendant was given "immediate leave to seize the minor child wherever she may be found." Defendant, however, apparently was unable to find her or plaintiff. That required the intervention of law enforcement authorities, who arrested plaintiff approximately three months later on Federal kidnapping charges.

Nearly three months after her arrest, plaintiff filed a motion pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) to vacate the circuit court's order of August 29 modifying custody. That motion, as subsequently amended, was denied on June 5, 1987, following an evidentiary hearing at which plaintiff and her mother testified. Plaintiff now appeals.

■ Section 2—1401 of the Code of Civil Procedure, formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated "after 30 days from the entry thereof." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a).) Generally, to be entitled to relief under this provision, a petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. These elements must be established by a preponderance of the evidence. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386.

■ Whether a section 2—1401 petition should be granted lies within the sound discretion of the circuit court, depending upon the facts and equities presented. Upon review, the decision of the circuit court will not be disturbed absent an abuse of that discretion. (114 Ill. 2d at 221, 499 N.E.2d at 1386.) We find no abuse of discretion under the facts and equities presented here.

■ As a preliminary matter, we note that plaintiff's petition, as amended, is devoid of factual allegations which would establish the existence of a meritorious defense or claim. Plaintiff has simply made the conclusory allegation that she "has a bona fide defense to the Pe-

tition to Modify" and that the court's order of August 29, 1986, was not supported by the evidence. Even if such allegations were sufficient, which they are not, plaintiff could still not prevail, for she failed to adduce evidence to prove her allegations. At the hearing on her petition, the testimony centered not on any defense she had to defendant's motion to modify custody, but rather on her failure to receive proper notice regarding that motion. Absent the requisite proof of a meritorious defense, insufficient notice is not grounds for vacating an otherwise valid judgment. After all, the very reason for a section 2—1401 proceeding

> "is to bring facts not appearing of record to the attention of the trial court which, if known to the court at the time judgment was entered, would have prevented its rendition." (*City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 271, 514 N.E.2d 508, 511.)

If, as in this case, a party is unable to show the existence of a meritorious defense, setting aside a judgment under section 2—1401 would serve no purpose.

■■ Plaintiff's petition to vacate was properly denied for another reason. Even if plaintiff had been able to prove the existence of a meritorious defense, she still would have been required to show "due diligence," namely, that her failure to defend resulted from "excusable mistake" and that under the circumstances "[s]he acted reasonably, not negligently, when [s]he failed to challenge the judgment." (161 Ill. App. 3d at 274, 514 N.E.2d at 513.) This she could not do.

The record here showed that plaintiff was given notice of the hearing on defendant's motion to modify custody, through her attorney, before he withdrew from the case. Plaintiff testified that she did have actual knowledge of that hearing. Although the hearing date was changed after plaintiff's attorney withdrew from the case, no effort was made to conceal the change of dates from plaintiff. Copies of the notice were sent not only to plaintiff's last known address, but also to her mother's house. Plaintiff testified that that is where she was having her mail forwarded and that she did check with her mother periodically while she was out of State.

■■ A litigant is under a duty to follow the progress of his case. (*Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 751, 404 N.E.2d 554, 558.) If, as has been held, inadvertent failure to do so is not a ground for relief (see 83 Ill. App. 3d at 751, 404 N.E.2d at 558), then surely plaintiff in this case is not entitled to relief. If plaintiff here did not receive notice, it was not through mere inadvertence, but through a deliberate and calculated effort to evade legal process and defy the law.

Our supreme court has recognized that "where justice and good conscience may require it a default judgment may be vacated even though the requirement of due diligence has not been satisfied." (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225, 499 N.E.2d 1381, 1388.) Under the circumstances present here, however, we find nothing to suggest that allowing the circuit court's custody modification order to stand would be unfair, unjust, or unconscionable so as to justify easing the due diligence requirement.

For the foregoing reasons the order of the circuit court of Madison County denying plaintiff's petition for post-judgment relief is affirmed.

Affirmed.

CALVO and LEWIS, JJ., concur.