CITY NATIONAL BANK OF HOOPESTON, Plaintiff-Appellee, v. GLOVER F. LANGLEY *et al.*, Defendants-Appellants (Iroquois Federal Savings and Loan Association *et al.*, Defendants).

Fourth District No. 4—86—0788

Opinion filed September 24, 1987.

Robert G. Kirchner, of Greaves, Lerner & Kirchner, of Champaign, for appellants.

Gordon R. Stipp, of Nelson & Stipp, P.C., of Hoopeston, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:
Glover and Barbara Langley appeal the granting of the motion to

dismiss their petition to vacate default judgment and judgment of foreclosure and sale pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Defendants raise issues concerning timeliness of the judgment, notice, the standard applied by the trial court and whether the trial judge erred in granting plaintiff's motion to dismiss.

The complicated history of this matter requires an understanding of the factual setting in which this case arose. Defendants previously filed a chapter 13 bankruptcy proceeding, which was dismissed in October 1984, and a chapter 7 proceeding, in which defendants were discharged July 11, 1985. In addition, defendants were parties to a replevin action in Vermilion County circuit court, No. 84—LM—563, instituted by the bank to recover defendants' automobile, which was pledged as collateral for a note not involved in the case at bar. The bank also brought a replevin action, No. 84—LM—436, against other defendants in order to resolve a dispute over possession of collateral used to secure two of the four notes involved in the case at bar. Throughout these proceedings, defendants were represented by the same counsel.

City National Bank of Hoopeston (bank) filed a complaint for foreclosure of real estate mortgage on October 9, 1984. The complaint sought to foreclose a second mortgage entered into by defendants April 18, 1984. The mortgage secured a promissory note dated June 3, 1983, for $12,000. The complaint alleges a renewal note in the amount of $10,000 dated June 21, 1984, and indicates the funds were to be used for finishing the defendants' new home in Hoopeston.

On June 13, 1985, leave having been obtained, the bank filed an amended complaint alleging amounts due on three additional notes, two of which were secured by the inventory, furniture and fixtures of defendants' business, Fashion Forum. The bank alleged the amounts due from the four notes totalled $87,919.97.

The circuit court entered default judgment July 29, 1985. Iroquois Federal Savings and Loan Association (Iroquois) assigned its senior mortgage of $46,506.66 to the bank August 1, 1985. On August 2, 1985, Iroquois was dismissed as a defendant. The bank did not notify defendants that it intended to recover the amount of the first mortgage. On August 2, 1985, the court entered judgment for $140,476.20, which included the sum of $3,153.56 for "[e]xpenses of liquidating clothing inventory and repossessed automobile."

On August 30, 1985, defendants filed a motion to vacate the judgment of foreclosure and sale pursuant to section 2—1301 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301). The defendants asserted

that their discharge in bankruptcy on July 11, 1985, barred the plaintiff from obtaining any deficiency judgment against them. Paragraph 4 of the motion to vacate alleged that the $140,476.20 judgment did not properly represent the amount they owed to the bank. Defendants also claimed they were entitled to a homestead exemption under section 12—901 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 12—901). Although the record sheet does not so indicate, attorney Edgar testified that the motion was heard on September 3, 1985, but was not ruled upon. Defendants filed a petition to vacate February 14, 1986. The petition alleged (1) the default judgment was void because it was entered prior to 30 days after service of process; (2) the bank sought recovery exceeding that asked for in the amended complaint; (3) the amount of the judgment was not secured by the second mortgage; (4) defendants were entitled to a homestead exemption. The court granted the bank's motion to dismiss the petition by order filed November 14, 1986. This appeal followed.

Defendants initially argue the default judgment was void because it was entered prior to the expiration of 30 days after service of summons. Supreme Court Rule 101(d) (107 Ill. 2d R. 101(d)) specifies that when defendant is served with a 30-day summons he must answer or file an appearance within 30 days, exclusive of the day of service. Section 1.11 of "An Act to revise the law in relation to the construction of statutes" (Ill. Rev. Stat. 1985, ch. 1, par. 1012) specifies the time for doing any act provided by law shall exclude the first day and include the last unless the last falls on a Saturday, Sunday or holiday.

The record shows summons was served June 28, 1985. Since July 28, 1985, fell on Sunday, defendants had the entirety of July 29 in which to answer. However, we disagree with defendants' contention that failure to observe the 30-day rule voided the judgment. A void judgment results when the court is wanting in subject matter or personal jurisdiction or lacks the inherent power to enter the order. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) The element of jurisdiction differentiates a void from a voidable judgment. (*Herb v. Pitcairn* (1943), 384 Ill. 237, 51 N.E.2d 277, *rev'd on other grounds* (1945), 325 U.S. 77, 89 L. Ed. 1483, 65 S. Ct. 954.) A void judgment shows from its record it is void, whereas a voidable judgment shows from its record that it is good. (*Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 873, 353 N.E.2d 253, 256.) The record does not reflect the fact that July 28, 1985, occurred on a Sunday. At most, this procedural error resulted in a voidable judgment.

We believe, however, that defendants' conduct following the

entry of default judgment effectively waives the issue. There is no question that following the entry of the foreclosure judgment, the defendants continued to negotiate and stipulate with the bank for additional time in which to make other living arrangements. The bank, on the other hand, relied on defendants' statements that they would vacate as agreed, and was delayed in its attempts to have full control of the premises. The assent to the proceedings between July 29 and January 30, plus the bank's change in position to its detriment, estopped the defendants from attacking the voidable judgment. *Cf. Noble v. Illinois Central R.R. Co.* (1884), 111 Ill. 437, 439; *Schmitt v. Wright* (1943), 317 Ill. App. 384, 399-400, 46 N.E.2d 184, 191-92; 31 C.J.S. *Estoppel* sec. 113 (1964).

There is merit to defendants' argument the bank should have notified them of its intent to seek relief exceeding that asked for in the amended complaint. This notice is mandated by section 2—604 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—604) and Supreme Court Rule 105(a) (107 Ill. 2d R. 105(a)).

Defendants argue their petition to vacate sufficiently demonstrated a meritorious defense and due diligence and showed that enforcement of the judgment would be unconscionable. The bank contends the petition to vacate fails to establish due diligence or grounds warranting invocation of the court's equitable powers.

■■ ■ Section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) provides a comprehensive statutory procedure by which final orders and judgment can be challenged more than 30 days after their rendition. To be entitled to relief, a petitioner must make specific factual allegations supporting (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in the filing of the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386.) The purpose of a section 2—1401 proceeding is to bring facts not appearing of record to the attention of the trial court which, if known to the court at the time judgment was entered, would have prevented its rendition. *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.

■■ ■ When a motion to dismiss is filed against a petition for relief under section 2—1401 the motion admits all well-pleaded facts and attacks only the legal sufficiency of the petition. (*Glenn v. People* (1956), 9 Ill. 2d 335, 137 N.E.2d 336; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 839, 449 N.E.2d 560, 563.) In determining legal sufficiency, the court must accept as true all well-pleaded facts and determine if the petition, viewed in the light most favorable to the peti-

tioner, is sufficient to state a cause of action against the respondents. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 434 N.E.2d 476.) A motion to dismiss should not be granted unless it clearly appears no set of facts could ever be proved that would entitle the petitioner to recover. *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 280, 433 N.E.2d 253, 256.

The trial court found defendants failed to show that they had meritorious defenses or exercised due diligence.

On September 3, 1985, the defendants' motion to vacate the judgment and the bank's motion to dismiss the motion to vacate were heard. At the March 25, 1986, hearing on the motion to dismiss the section 2—1401 petition, defendants' former attorney, Alexander Edgar, testified defendants were concerned at the time of the September 3 hearing that the foreclosure judgment would state there was a deficiency. At that hearing, counsel for both parties agreed that the foreclosure order would be changed to eliminate any reference to a deficiency, and defendants would be allowed to live in the home rent-free while seeking other accommodations. That agreement was represented to the court on September 3, whereupon the judicial sale of the property proceeded. The bank purchased the premises for $141,669.27.

The record shows the following instruments executed by defendants:

| Instrument | Date | Amount | Security |
|---|---|---|---|
| 1-year letter of credit | 9/27/83 | 20,000.00 | None |
| 1. Note | 4/6/84 | 12,500.00 | Inventory, fixtures and furniture including extensions and renewals |
| 2. Note | 6/21/84 | 10,000.00 | Real estate mortgage dated 6/6/83 including extensions and renewals |
| 3. Note | 6/21/84 | 42,364.41 | Inventory, furniture and fixtures including extensions and renewals |
| 4. Mortgage | 4/18/84 | | Secures a note dated 6/3/83 due 11/30/83 and letter of credit effective 4/16/84 |

| 5. Note and | 12/12/80 | 84,400.00 | Real estate mortgage |
| Mortgage to | | | Assigned to plaintiff |
| Iroquois | | | August 1, 1985, balance |
| Federal Loan | | | due 46,506.06 |
| Association | | | |

A review of the record places this case in a tumultuous state, to say the least. They are:

(1) None of the notes make reference to a mortgage dated April 18, 1984, which mortgage is the subject of foreclosure.

(2) Notes, $12,500 and $42,364.41, do not show any real estate mortgage as security.

(3) No pleading was filed by plaintiff to show assignment of first mortgage from Iroquois, other than the record shows a copy of the assignment filed.

(4) The mortgage which is subject to foreclosure was executed to secure a note dated June 3, 1983, and a one-year letter of credit effective April 16, 1984, in the amount of $20,000. There is no note dated June 3, 1983, or letter of credit effective April 16, 1984, in this record.

(5) The trial court's granting relief with respect to notes, $12,500 and $42,364.41, in the instant case with no pleading or request by plaintiff that Nos. 84—LM—436 or 84—LM—563 be considered.

(6) No originals of the notes or letters of credit are in the record, nor any record showing compliance with section 15—201 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 15—201).

(7) The affidavit of plaintiff executed by its vice-president does not spell out the various sums due but refers only to sums set forth in a proposed judgment and that the total sum due is $140,476.20. We must presume that the proposed judgment mentioned in the affidavit was entered by the trial court.

(8) The amended complaint asked for judgment in the amount of $87,919.97 plus costs and fees. The judgment entered was for $140,476.20.

(9) Are defendants entitled to a homestead exemption?

(10) The real estate mortgage referred to in the $10,000 note dated June 6, 1983, and recorded in the office of the recorder of deeds, Vermilion County, Illinois, document No. 80—8363, is not a part of this record.

(11) Was the $10,000 note dated June 21, 1984, a renewal of the note named in the mortgage of April 18, 1984?

(12) Plaintiff's failure to file a pleading setting forth the first

mortgage, the accompanying note, and default.

(13) The judgment was in part for an indebtedness of $87,919.97. The judgment does not show what notes were included.

■■ It is apparent from the record that defendants were concerned about whether the foreclosure order would state a deficiency judgment existed. Counsel for the defendants filed a motion to vacate including that issue, and Edgar's testimony indicates that the motion was called up for hearing on September 3. At that time counsel for the parties represented to the court they had agreed that the order of foreclosure would strike any reference to a deficiency judgment and that defendants would be allowed to live in the house rent-free while seeking other accommodations. Unless it appears otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. (*Brandes v. Illinois Protestant Children's Home, Inc.* (1962), 33 Ill. App. 2d 319, 179 N.E.2d 425 (abstract of opinion); 60 C.J.S. *Motions & Orders* sec. 42 (1969).) Defendants did not allege in their petition to vacate that Edgar acted without their authority; in fact, the record reflected exactly the opposite.

In granting the bank's motion to dismiss, the circuit court ruled that even if the allegations of the petition were taken as true, the petition failed to establish due diligence or grounds for invocation of the court's equitable powers.

■■ ■ Due diligence requires that petitioner have a reasonable excuse for failing to act within the appropriate time. Section 2—1401 is not intended to allow a litigant to be relieved of his own mistake or negligence. Petitioner must show the failure to defend resulted from excusable mistake and that under the circumstances he acted reasonably, not negligently, when he failed to challenge the judgment. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222, 499 N.E.2d 1381, 1386-87.) Whether a litigant has acted reasonably is judged by all of the circumstances surrounding the entry of the judgment, including the conduct of the litigants and their attorneys. (114 Ill. 2d 209, 221-22, 499 N.E.2d 1381, 1387.) " 'Relief under section [2—1401] is available only to those who diligently pursue their legal defenses and remedies in court, not to those who disregard these procedures on the gamble that better results can be obtained through other procedures or at a cheaper cost.' " *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 224, 499 N.E.2d 1381, 1388, quoting *Abbell v. Munfield* (1979), 76 Ill. App. 3d 384, 388, 395 N.E.2d 78, 81.

■■ Defendants' claim that they were unaware of the August 30

motion to vacate is unpersuasive. Litigants have a duty to follow the progress of their case, rather than to merely assume that counsel is doing everything necessary and proper. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) While the petition may demonstrate a reasonable excuse for failing to defend, the conduct of the litigants and their attorneys does not demonstrate due diligence from the time the defendants learned of the judgment until the petition to vacate was filed. This is insufficient to establish due diligence under section 2—1401. *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.

 █ A section 2—1401 petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it is unfair, unjust, or unconscionable to do so. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225, 499 N.E.2d 1381, 1388; *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) In such instances, courts have not considered themselves strictly bound by precedent. Where justice and good conscience may require it, a default judgment may be vacated even though the requirement of due diligence has not been satisfied. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225, 499 N.E.2d 1381, 1388.

Upon review of a trial court's determination that no meritorious defense existed, this court must review the entire record below and may consider those errors which appear in that record, especially where they render the decision unconscionable. Resolution of a petition brought pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—401) calls upon the equitable authority of the court. When an unconscionable result occurs below, principles of due diligence may be relaxed. Here, the actions on the part of the plaintiff make it more vulnerable to a petition for relief from judgment. As stated in *Hiram Walker Distributing Co. v. Williams* (1981), 99 Ill. App. 3d 878, 426 N.E.2d 8, justice and good conscience may require that a judgment be vacated even though there may have been a lack of diligence. A showing of due diligence is not required when it is clear from all the circumstances that a party has procured an unconscionable advantage through the extraordinary use of a court process.

 Although not presented as an issue in this appeal, it is necessary to address the trial court's subject-matter jurisdiction based upon the short form statutory complaint for foreclosure.

Section 15—108 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 15—108) sets forth a form of complaint which may be used in mortgage foreclosure actions. Section 15—108 sets

forth specific facts to be included in the complaint. Section 15—108(2) requires the plaintiff to attach a copy of the mortgage and a copy of the note secured thereby. Section 15—108(3) requires certain information concerning the mortgage to be stated, including the date of the mortgage, the name of the mortgagor and mortgagee, the date and place of recording, the identity of the recording (*i.e.*, document number), the amount of original indebtedness, legal description of the mortgaged premises, and other information not pertinent to the case at bar. Section 15—109 requires that the short form complaint set forth only as much information as is provided for in the section 15—108 form, depending on the relief sought. (Ill. Rev. Stat. 1983, ch. 110, par. 15—109.) While section 15—109 states that the complaint may add other allegations or prayers for relief, it does not allow omission of any of the allegations listed in section 15—108.

In *Skach v. Lydon* (1973), 16 Ill. App. 3d 610, 306 N.E.2d 482, the plaintiff filed a complaint to foreclose on the second mortgage of defendants. In rejecting the defendants' argument and denying a section 72 petition, the appellate court relied on section 42 of the Civil Practice Act (now section 2—612 of the Code of Civil Procedure). Section 2—612(b) states: "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b).) In *Skach*, the record disclosed that defendants were informed of the claim against them, since the note and mortgage were described in the complaint by date, names of the mortgagor and mortgagee, the registrar's number and date of registration, the legal description of the premises, and the amount of indebtedness. Furthermore, the note and mortgage were admitted in evidence without objection at the time of the hearing on January 18, 1971. The court relied upon section 42(3) of the Civil Practice Act (now section 2—612(c) of the Code), which stated "[a]ll defects in pleadings, either in form or in substance, not objected to in the trial court are waived." (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(c).) The reviewing court concluded the foreclosure decree was in the court's jurisdiction.

It is not clear from reviewing the record in this cause that the mortgage attached to the amended complaint, document No. 84—2516, is the mortgage which secures the $10,000 note dated June 21, 1984, also attached to the amended complaint. The face of the note itself indicates it is secured by a real estate mortgage No. 80—8363 and dated June 6, 1983. The face of the note also indicates that the note is secured by the June 6, 1983, mortgage and any and all exten-

sions and renewals thereof. The note also shows that it is a renewal, and the funds would be used to finish the defendants' new home. There is no documentation in the record which links the $10,000 note secured by mortgage No. 80—8363 with the mortgage contained in the record, mortgage No. 84—2516. Likewise, the pleadings do not identify the assigned first mortgage or note which was assigned to plaintiff. The requirements of section 15—108(2) have not been met in this case.

The failure to match up documentation by the plaintiff here was substantially more egregious than the failure of the plaintiff in *Skach* to attach the note and mortgage, both of which were correctly described in the complaint. A void judgment results when the court is wanting in subject-matter or personal jurisdiction or lacks the inherent power to enter the order. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) A void judgment shows from its record it is void, whereas a voidable judgment shows from its record that it is good. (*Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 873, 353 N.E.2d 253, 256.) The record in this case does reflect the lack of agreement between the mortgage instrument and the note which it purports to secure.

Equity requires that the judgment be vacated even though diligence on the part of defendants is not shown and there was negligence on part of the defendants. Defendants' failure in these aspects is offset by the state of the record and the conduct of the plaintiff.

For all of the reasons set forth herein, this court *sua sponte* reverses the judgment of foreclosure and proceedings subsequent thereto. The plaintiff is granted leave to file an amended complaint within 35 days after the filing of the mandate.

Reversed and remanded.

SPITZ, P.J., and KNECHT, J., concur.