# Illinois Official Reports

## Appellate Court

---

*Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676

---

Appellate Court
Caption

NATIONSTAR MORTGAGE, LLC, Plaintiff-Appellee, v. WAYNE
CANALE, a/k/a Wayne F. Canale, Defendant-Appellant (RBS
Citizens, N.A., SBM Charter One Bank, N.A., Unknown Owners, and
Nonrecord Claimants, Defendants).

District & No.

Second District
Docket No. 2-13-0676

Filed
Rehearing denied

April 9, 2014
June 19, 2014

Held

(*Note: This syllabus
constitutes no part of the
opinion of the court but
has been prepared by the
Reporter of Decisions
for the convenience of
the reader.*)

The confirmation of the judicial sale of defendant's foreclosed
property was affirmed over defendant's contention that the trial court
lacked subject matter jurisdiction based on plaintiff's failure to
establish its standing by showing that plaintiff was properly assigned
the mortgage at issue, since plaintiff presented a justiciable matter that
gave the trial court subject matter jurisdiction, even if plaintiff lacked
standing, and in the absence of a showing that defendant had a
meritorious defense and that substantial justice, plain error or an issue
of public importance required consideration of the issue of plaintiff's
standing, the trial court's judgment would be upheld.

Decision Under
Review

Appeal from the Circuit Court of Du Page County, No. 11-CH-4285;
the Hon. Robert G. Gibson, Judge, presiding.

Judgment

Affirmed.

Counsel on
Appeal

Joseph M. Williams, of Law Offices of Joseph M. Williams, of Winfield, for appellant.

Ralph T. Wutscher, F. John McGinnis, and Kevin M. Hudspeth, all of McGinnis Wutscher Beiramee LLP, of Chicago, for appellee.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Wayne Canale, the property owner in a foreclosure action, appeals after the trial court confirmed the judicial sale of the property at issue. He asserts that, because plaintiff, Nationstar Mortgage, LLC, failed to comply with the statutory pleading requirements for a foreclosure action (see 735 ILCS 5/15-1504(a) (West 2010)), the trial court lacked subject matter jurisdiction to enter a foreclosure judgment for plaintiff. We disagree, and thus we affirm.

¶ 2                            I. BACKGROUND

¶ 3    Plaintiff filed a foreclosure complaint relating to the property at 5S365 Vest Avenue, Naperville, on September 8, 2011. It made defendant a defendant as the property owner and borrower and alleged that he was in default on the note at issue. It also named two banks–RBS Citizens, N.A. (RBS), and SBM Charter One Bank, N.A. (SBM)–and unknown owners and nonrecord claimants. The complaint stated that the "mortgagee, trustee or grantee in the Mortgage" was Mortgage Electronic Registration Systems, Inc., as nominee for Silver Mortgage Bancorp, Inc. The attached mortgage was consistent with that allegation. Plaintiff stated that the capacity in which it brought the action was "mortgagee and holder of the note." However, the attached note showed a single endorsement, from Silver Mortgage Bancorp, Inc., to Ohio Savings Bank (OSB), "ITS SUCCESSORS AND/OR ASSIGNS." Also part of the record is a mortgage modification agreement between defendant and Amtrust Bank (Amtrust).

¶ 4    RBS and SBM appeared and answered. Defendant did neither. Plaintiff moved for summary judgment against the banks and default judgment against defendant.

¶ 5    On June 5, 2012, the court entered a judgment of foreclosure in favor of plaintiff, *i.e.*, it entered judgment for $107,466.04 in favor of plaintiff and ordered the sale of the property to satisfy that judgment. The judgment also described the mortgage lien as plaintiff's. The sale took place on October 11, 2012. Plaintiff bid the judgment indebtedness and was the winning bidder.

¶ 6    Plaintiff moved to confirm the sale. Defendant appeared *pro se* and filed an objection. His objection included the assertions that he had been present at the sale and that no public offering of the property had occurred. The court confirmed the sale on April 4, 2013. On May 3, 2013, defendant moved to vacate the confirmation, arguing that a slight delay in his arrival in the courtroom resulted in his inability to argue his objection. However, for the first time, he also asserted, on information and belief, that the original mortgagee had never properly assigned the note and mortgage to plaintiff and that plaintiff was asserting rights "without showing whether any proper assignment occurred between [the known earlier owners of the note and mortgage] over time." He described this as an issue of standing.

¶ 7    The court denied the motion, ruling that defendant had forfeited the standing issue by failing to file an answer. Defendant timely appealed.

¶ 8                                   II. ANALYSIS

¶ 9    On appeal, defendant concedes that, in *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010), the supreme court held that a lack of standing is an affirmative defense, which the defendant forfeits if he does not timely plead. However, defendant asserts that, in a foreclosure action, standing must be pleaded by the plaintiff. Specifically, under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2010)), the plaintiff must allege the "[c]apacity in which [the] plaintiff brings this foreclosure," *i.e.*, "the legal holder of the indebtedness, a pledgee, an agent, the trustee under a trust deed or otherwise." 735 ILCS 5/15-1504(a)(3)(N) (West 2010). Noting that plaintiff's allegation that it was the "mortgagee and holder of the note" was unsupported (if not refuted) by the attached mortgage and note, defendant concludes that plaintiff failed to plead its standing and that the resulting judgment was void for lack of subject matter jurisdiction, a defect that cannot be forfeited (*Lebron*, 237 Ill. 2d at 252).

¶ 10   In *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 16, the defendant likewise argued that the Illinois Mortgage Foreclosure Law shifted to the plaintiff the burden to plead and prove standing. We were not required to resolve that issue, "because even if [the defendant] bore the burden of showing that [the plaintiff] lacked standing, he met that burden." *Id.* We need not resolve the issue here either. Here, even if plaintiff had the burden to plead its standing, and even if it failed to do so, its failure to do so did not deprive the trial court of subject matter jurisdiction.

¶ 11   Defendant relies almost exclusively on *City National Bank of Hoopeston v. Langley*, 161 Ill. App. 3d 266 (1987), which does tend to support his contention. There, *sua sponte*, the appellate court deemed it "necessary to address the trial court's subject-matter jurisdiction based upon the short form statutory complaint for foreclosure." *Id.* at 275. The court observed that the plaintiff was statutorily required to "attach a copy of the mortgage and a copy of the note secured thereby." *Id.* at 276 (citing Ill. Rev. Stat. 1983, ch. 110, ¶ 15-108(2) (now 735 ILCS 5/15-1504(a)(2) (West 2010))). Noting that the plaintiff, in violation of that requirement, had "fail[ed] to match up documentation," the court deemed the judgment void. *Id.* at 277.

¶ 12   The difficulty is that *Langley* rests on a defunct view of subject matter jurisdiction. In *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), the supreme court explained that, under the Illinois Constitution of 1870, "in cases involving purely statutory causes of action, *** unless the statutory requirements were satisfied, a court lacked

jurisdiction to grant the relief requested." *Id.* at 336-37. However, under our present constitution, "[w]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Id.* at 334. That jurisdiction extends to all " 'justiciable matters.' " *Id.* (quoting Ill. Const. 1970, art. VI, § 9). "Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must [merely] present a justiciable matter." *Id.* Although the plaintiff's pleadings thus are pertinent, "[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings." *Id.* at 340. "Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction ***." *In re Luis R.*, 239 Ill. 2d 295, 301 (2010). "[T]he *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *Id.*

¶ 13    In *Belleville Toyota*, the supreme court went on the explain the practical importance of this broad view of subject matter jurisdiction:

"Our conclusion, while firmly rooted in our constitution, is also consistent with the trend of modern authority favoring finality of judgments over alleged defects in validity. [Citations.] Labeling the requirements in statutory causes of action 'jurisdictional' would permit an unwarranted and dangerous expansion of the situations where a final judgment may be set aside on a collateral attack. [Citation.] Even if the statutory requirement is considered a nonwaivable condition, the same concern over the finality of judgments arises. Once a statutory requirement is deemed 'nonwaivable,' it is on equal footing with the only other nonwaivable conditions that would cause a judgment to be void, and thus subject to collateral attack–a lack of subject matter jurisdiction, or a lack of personal jurisdiction. [Citation.] As our appellate court has observed, '[b]ecause of the disastrous consequences which follow when orders and judgments are allowed to be collaterally attacked, orders should be characterized as void only when no other alternative is possible.' [Citations.]" *Belleville Toyota*, 199 Ill. 2d at 341.

¶ 14    In *Langley*, the appellate court equated the plaintiff's violation of the statutory requirements for a foreclosure action with the trial court's lack of subject matter jurisdiction. See also *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010) (suggesting that trial court had jurisdiction of foreclosure action because complaint "was legally and factually sufficient and included allegations relative to standing"). This equation is error. Those requirements might go to the complaint's legal sufficiency, but they do not pertain to the court's subject matter jurisdiction. The latter turns only on whether the claim, even if defectively stated, presents a "justiciable matter," *i.e.*, "falls within the general class of cases that the court has the inherent power to hear and determine." *Luis R.*, 239 Ill. 2d at 301. There is no doubt that courts have the inherent power to hear and determine foreclosure cases. *Cf. Belleville Toyota*, 199 Ill. 2d at 340 (claim under statute was justiciable matter). Thus, here, plaintiff's claim, even if defectively stated, presented a justiciable matter, invoking the trial court's subject matter jurisdiction.

¶ 15    A different outcome is not required by the fact that the purported defect in plaintiff's claim was plaintiff's failure to plead its standing. To be sure, the supreme court has stated that standing is "an element of justiciability." *People v. Greco*, 204 Ill. 2d 400, 409 (2003).

This is not to say, however, that a plaintiff who lacks standing cannot assert a "justiciable matter." Indeed, if such were the case, the plaintiff's lack of standing would itself defeat the trial court's subject matter jurisdiction, and the defendant could not forfeit the lack of standing. *Cf. Lebron*, 237 Ill. 2d at 252-53. Thus, though standing might be "an element of justiciability" (*Greco*, 204 Ill. 2d at 409), it is not a requirement for a "justiciable matter."

¶ 16   An Ohio appellate court has explored this nuance. In *Deutsche Bank National Trust Co. v. Finney*, 2013-Ohio-4884, *appeal allowed*, 2014-Ohio-1182 (Mar. 26, 2014), on facts substantially identical to these, the defendants asserted that "the trial court lacked subject-matter jurisdiction to enter the default judgment because [the plaintiff] did not demonstrate that it had standing as the real party in interest at the time it filed the foreclosure action." *Id.* ¶ 12. The appellate court observed that, like in Illinois, the Ohio Constitution grants trial courts jurisdiction " 'over all justiciable matters.' " *Id.* ¶ 22 (quoting Ohio Const., art. IV, § 4(B)). The court further noted that, as the defendants argued, "a legal action filed by a party who lacks standing is not justiciable." *Id.* ¶ 23. However, the court rejected the defendants' conclusion that the lack of this "justiciability" resulted in a lack of subject matter jurisdiction:

"Rather, we recognize that subject-matter jurisdiction is not dependent upon the justiciability of any particular case. *** [A] court may have jurisdiction over the subject-matter of a case and yet not be empowered to adjudicate it to final judgment for reasons particular to that case, including the lack of standing of the plaintiff. Where an action is brought by a plaintiff who lacks standing, the action is not justiciable because it fails to present a case or controversy between the parties before it. [Citation.] But the court's lack of 'jurisdiction,' i.e., its ability to properly resolve a particular action due to the lack of a real case or controversy between the parties, does not mean that the court lacked subject-matter jurisdiction over the case." *Id.* ¶ 24.

Thus, the court accepted the plaintiff's argument that, whereas subject matter jurisdiction exists as long as "the matter alleged is within the class of cases in which a particular court has been empowered to act" (*id.* ¶ 18), "justiciability" implicates only a *different* type of jurisdiction, " 'the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable' " (emphasis omitted) (*id.* ¶ 17 (quoting *Pratts v. Hurley*, 102 Ohio St. 3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 12)). The court agreed with the plaintiff that, because "its foreclosure complaint alleged [a] cognizable cause of action within the subject-matter jurisdiction of the [trial court], i.e., foreclosure" (*id.* ¶ 19), the trial court had subject matter jurisdiction despite the nonjusticiability of the particular case, and the judgment was not void (*id.* ¶ 26).

¶ 17   Although Ohio's view of jurisdiction might not be a perfect analogue of our own, *Finney* strongly supports our conclusion that a plaintiff's standing, though "an element of justiciability" (*Greco*, 204 Ill. 2d at 409), is not an element of the trial court's subject matter jurisdiction. Again, the latter requires only a "justiciable matter," which a foreclosure clearly is. Thus, here, the trial court's judgment was not void.

¶ 18   In sum, we reject the precise argument that defendant raises: that plaintiff's failure to plead its standing, assuming that it had the burden to do so, deprived the trial court of subject matter jurisdiction and thus rendered the foreclosure judgment void. Again, even if plaintiff

lacked standing, it presented a "justiciable matter," as a foreclosure case "falls within the general class of cases that the court has the inherent power to hear and determine" (*Luis R.*, 239 Ill. 2d at 301). Thus, the trial court had subject matter jurisdiction. We note, however, that we do not hold that plaintiff had standing. Indeed, in light of the apparent discrepancy between plaintiff's complaint and the attached documents, plaintiff's standing is much in doubt. See *Gilbert*, 2012 IL App (2d) 120164, ¶ 17 ("[The plaintiff's] name does not appear on either of these documents. Thus, the documents attached to the complaint contradict [the plaintiff's] allegation that it was 'the mortgagee' and support [the defendant's] argument that [the plaintiff] did not have an interest in the mortgage that would confer standing."). Nevertheless, as noted, defendant conditions our reaching the merits of that issue on his assertion that plaintiff's lack of standing deprived the trial court of subject matter jurisdiction. Because that assertion is not correct, we do not reach the merits of the standing issue.

¶ 19       Defendant does not provide a convincing alternative argument as to why we should reach the merits of that issue. He says only that, "should this court not find the judgment(s) below void, [he] respectfully request[s that] this Court address the issue of standing of Plaintiff pursuant to considerations of substantial justice, plain error and/or public importance." He cites two cases for the boilerplate proposition that we may ignore a forfeiture as necessary to ensure a just result. See, *e.g.*, *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279 (1989). In this context, however, that proposition is not applicable. Although after a judicial sale a court may vacate a default judgment of foreclosure if "justice was otherwise not done" (735 ILCS 5/15-1508(b)(iv) (West 2010)), that provision "merely codif[ied] the long-standing discretion of the courts of equity to refuse to confirm a judicial sale" (*Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 19). That discretion is " 'not a mere arbitrary discretion but must be exercised in accordance with established principles of law.' " *Id.* (quoting *Shultz v. Milburn*, 366 Ill. 400, 403 (1937)). Specifically, it may not be invoked "merely to protect an interested party 'against the result of his own negligence.' " *Id.* (quoting *Shultz*, 366 Ill. at 405). Thus, once the plaintiff moves to confirm the sale:

> "To vacate both the sale and the underlying default judgment of foreclosure, the [defendant] must not only have a meritorious defense to the underlying judgment, but must establish under section 15-1508(b)(iv) that justice was not otherwise done because either the [plaintiff], through fraud or misrepresentation, prevented the [defendant] from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the [defendant] has equitable defenses that reveal he was otherwise prevented from protecting his property interests. *** See, *e.g.*, [citation] *Deutsche Bank National Trust Co. v. Snick*, 2011 IL App (3d) 100436, ¶ 9 (court held it was far too late to assert the defense of standing where the plaintiff had already moved for confirmation of the judicial sale). This interpretation is consistent with the legislative policy of balancing the competing objectives of efficiency and stability in the sale process and fairness in protecting the [defendant's] equity in the property and preserving the integrity of the sale." *Id.* ¶ 26.

Thus, here, we may not reach defendant's standing issue merely in the interest of achieving a just result. Rather, defendant must satisfy the standard of "justice" under section 15-1508(b)(iv). He has not attempted to do so.

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 22 Affirmed.