# Illinois Official Reports

## Appellate Court

---

### *JPMorgan Chase Bank, N.A. v. Ontiveros*, 2015 IL App (2d) 140145

---

| | |
|---|---|
| Appellate Court Caption | JPMORGAN CHASE BANK, N.A., Plaintiff-Appellee, v. GERONIMO ONTIVEROS and CATALINA ONTIVEROS, Defendants-Appellants (Mortgage Electronic Registration Systems, Inc., as Nominee for Fremont Investment and Loan, The City of Aurora, Nonrecord Claimants, and Unknown Owners, Defendants). |
| District & No. | Second District<br>Docket No. 2-14-0145 |
| Filed | February 23, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendants' petition for relief from a default judgment of foreclosure and the order confirming the ensuing foreclosure sale pursuant to section 2-1401 of the Code of Civil Procedure was affirmed, notwithstanding defendants' contention that plaintiff was not licensed under the Collection Agency Act, since the decision of the appellate court in *Dina* holding that a mortgage made by an unlicensed lender was void as a matter of public policy applied to the contract, not to a judgment of the trial court, and being based on principles of contract law, it did not speak to jurisdictional matters. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 12-CH-408; the Hon. Leonard J. Wojtecki, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Jack Kozar, of Kozar Law Office LLC, of Elmhurst, for appellants. |
| | Edward J. Lesniak and Susan M. Horner, both of Burke, Warren, MacKay & Serritella, P.C., of Chicago, for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. |
| | Justices Hudson and Spence concurred in the judgment and opinion. |

## OPINION

¶ 1   Defendants, Geronimo and Catalina Ontiveros, appeal after what they assert is the denial of their motion to vacate a default judgment of foreclosure and the order confirming the ensuing sale. However, as we will discuss, the only matter of which we have jurisdiction on appeal is the denial of defendants' petition for relief from judgment, brought under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). On the merits, defendants assert that, because plaintiff was not a licensed collection agency under the Collection Agency Act (Act) (225 ILCS 425/1 *et seq.* (West 2012)), the foreclosure and confirmation orders were void. We hold that lack of such licensure could not have made the judgments void. We therefore conclude that defendants did not state a basis for section 2-1401 relief, and so we affirm the petition's denial.

¶ 2                                  I. BACKGROUND

¶ 3   Plaintiff, JPMorgan Chase Bank, N.A., filed a foreclosure complaint against defendants; possible lienors Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Fremont Investment & Loan, and the City of Aurora; and nonrecord claimants and unknown owners. The complaint stated that the original mortgagee was MERS, as nominee for Nationstar Mortgage LLC; a mortgage document consistent with that allegation was attached to the complaint. Also included was an "Allonge to Note" dated November 11, 2008, in which Nationstar Mortgage LLC assigned the note to plaintiff.

¶ 4   On February 29, 2012, Geronimo Ontiveros filed a *pro se* appearance but not an answer. Plaintiff moved for a default judgment against all defendants, which the court granted, and on August 24, 2012, the court entered a judgment of foreclosure. The judgment did not include a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) of immediate appealability or enforceability.

¶ 5   Defendants entered an appearance through counsel on September 24, 2012, and, on the same day, filed a motion to vacate the default under section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2012)). They claimed several defenses not relevant here. The court denied the motion on November 7, 2012.

¶ 6   Plaintiff filed a motion for confirmation of the sale on February 4, 2013. The court approved it the same day.

¶ 7         On March 6, 2013, defendants filed a motion to vacate the confirmation. They filed an amended motion to vacate on April 11, 2013.

¶ 8         On July 5, 2013, with the motion to vacate pending, defendants filed a petition under section 2-1401, seeking to vacate the judgments as void as a result of plaintiff's lacking the licensure required by the Act. The court "struck" the petition on July 16, 2013, on the basis that defendants had not appeared. On July 24, 2013, the court denied the motion to vacate, but gave defendants leave to renotice their petition.

¶ 9         Plaintiff responded to the petition, asserting, among other things, that, because it was a bank, the requirement to be licensed as a collection agency did not apply to it.

¶ 10        Defendants replied. They asserted, among other things, that the exception for banks did not apply to banks that own or operate collection agencies. They claimed that, because plaintiff owned and operated a collection agency licensed in the State of Washington, namely J.P. Morgan Services India Private Limited (with offices in Mumbai),[1] the bank exception did not apply.

¶ 11        The court held a hearing on the petition on December 18, 2013. Defendants argued that plaintiff's lack of a license deprived the court of subject-matter jurisdiction to enter the foreclosure judgment. Argument centered on interpretation of the Act and the factual question of whether defendants were in default when plaintiff acquired the obligation.

¶ 12        On January 29, 2014, the court entered an order (a formal written decision) in which it ruled that the Act is inapplicable to a bank unless it is operating *as* a collection agency. It therefore denied relief to defendants.

¶ 13        Defendants filed a notice of appeal less than 30 days thereafter, seeking review of the January 29, 2014, order, the July 24, 2013, denial of their motion to vacate the confirmation, and the November 7, 2012, denial of their motion to vacate the foreclosure judgment.

¶ 14                                          II. ANALYSIS

¶ 15        Initially, we must consider the extent of our jurisdiction in this appeal. We conclude that we have jurisdiction, but only over the court's denial of defendants' section 2-1401 petition. Defendants argue that we should treat their petition as a second postjudgment motion. They argue that, so treated, it acted to toll the time they had to appeal from the final judgment in the foreclosure case. We do not agree.

¶ 16        It has long been the case in Illinois courts that a successive postjudgment motion is improper and does not toll the time for a party to file a notice of appeal. See *Deckard v. Joiner*, 44 Ill. 2d 412, 418-19 (1970) (stating those rules); see also, *e.g.*, *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 940 (2002) (only the first of a party's motions directed against a final judgment tolls the time in which that party can file a timely notice of appeal). Therefore, only defendants' motion to vacate–filed March 6, 2013, and denied July 24, 2013–tolled the time for defendants to appeal the final order in the underlying case. An untimely notice of appeal does not vest jurisdiction in this court. *E.g.*, *McCorry*, 332 Ill. App. 3d at 939. Defendants'

_____

[1]This claim was supported by a paralegal's affidavit explaining a search result from the State of Washington's Business Licensing Service web page. According to that page, J.P. Morgan Services India Private Limited is currently registered in Washington, but does not currently have a collection-agency license.

notice of appeal, filed on February 10, 2014, was obviously untimely as an appeal of the confirmation judgment, even as that time was tolled by the consideration of the original postjudgment motion.

¶ 17    We do have jurisdiction of this appeal as from the denial of a properly timed section 2-1401 petition.[2] Section 2-1401 provides, "Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section."[3] 735 ILCS 5/2-1401(a) (West 2012). When, as here, the court made no Rule 304(a) finding as to the foreclosure judgment, a "judgment ordering the foreclosure of a mortgage is not final and appealable until the court enters orders approving the sale and directing the distribution." *In re Marriage of Verdung*, 126 Ill. 2d 542, 555 (1989). That the court's last reviewable decision in a matter may be a ruling on a postjudgment motion does not make that ruling the final judgment, nor does the ruling on the motion make the final judgment interlocutory. *Sears v. Sears*, 85 Ill. 2d 253, 258-59 (1981). Consistent with this, the pendency of a postjudgment motion does not toll the running of section 2-1401's two-year limitations period. *People v. Gosier*, 205 Ill. 2d 198, 206 (2001). From this, we can conclude that, in a foreclosure case, a section 2-1401 petition is proper when it is filed more than 30 days after the entry of the confirmation order, regardless of the pendency of a postjudgment motion. Defendants filed their petition more than 30 days after the court confirmed the sale. We thus have jurisdiction to review the ruling denying relief under the petition. However, as we stated above, as an attempt to appeal from the underlying judgment, this appeal was too late.

¶ 18    On the merits of the matter before us, defendants assert that, because plaintiff was an unlicensed debt collector, the court lacked subject-matter jurisdiction to enter judgment, thus rendering the foreclosure and ensuing sale void. In support of this, they cite *First Mortgage Co. v. Dina*, 2014 IL App (2d) 130567, in which we held that a mortgage made when the original mortgage lender lacked a license would be unenforceable. Defendants' argument is based on a misunderstanding of the relevant jurisdictional principles and a misreading of *Dina*.

¶ 19    Defendants' argument relies entirely on their claim that the judgments were void. When a section 2-1401 petition is based on a claim that a judgment is void and no facts are in dispute, our review of the court's disposition of the petition is *de novo*. *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 14. Similarly, the issue of whether a court has subject-matter jurisdiction is also an issue of law, subject to *de novo* review. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 503 (2006).

¶ 20    At the outset, we note that a judgment is void *only* when the court that entered it lacked jurisdiction. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). Further, since the adoption of the 1964 amendments to the judiciary article of the Illinois Constitution of 1870 (Ill. Const.

---

[2]It appears to us that, in *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 12, the supreme court held that Illinois Supreme Court Rule 304(b)(3) (eff. Feb 26, 2010) (which generally makes appealable any ruling granting or denying the relief sought in a section 2-1401 petition) is inapplicable to a prematurely filed section 2-1401 petition as a matter of common sense. On the other hand, it also appears that, in *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 495-97 (1998), after extended discussion, the court held that a petition's prematurity is irrelevant to a reviewing court's jurisdiction. Because we hold that the petition here was not premature, we need not further address this apparent conflict.

[3]The section also creates a two-year limitations period for filing many petitions. However, there is no possibility here that the petition was too late. 735 ILCS 5/2-1401(c) (West 2012).

1870, art. VI (amended 1964), § 9), there have been only two jurisdictional requirements for a court to enter judgment: personal jurisdiction of the relevant parties and subject-matter jurisdiction. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 529-32 (2001) (holding that the 1964 amendments eliminated the jurisdictional requirement that a court have inherent authority to adjudicate the controversy).

¶ 21     Very little is necessary to confer subject-matter jurisdiction on a circuit court: a complaint need only state a "justiciable matter," which is a low bar indeed. Section 9 of the judiciary article of the Illinois Constitution of 1970 (which incorporates the 1964 amendments to the previous constitution) is the source of our circuit courts' subject-matter jurisdiction. With minor exceptions not relevant here, the section gives the circuit courts subject-matter jurisdiction of "all justiciable matters." Ill. Const. 1970, art. VI, § 9; see also *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002) (so interpreting the section). A "justiciable matter" is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota*, 199 Ill. 2d at 335. Because of this grant of jurisdiction, "[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings." *Belleville Toyota*, 199 Ill. 2d at 340. Therefore, "even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction," and the "*only* [essential jurisdictional] consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d 295, 301 (2010).

¶ 22     Defendants argue that plaintiff's lack of proper licensing made its claim noncognizable and that this deprived the court of subject-matter jurisdiction. They further suggest that the jurisdictional flaw was plaintiff's lack of standing. However, a claim for foreclosure is a justiciable matter regardless of whether the plaintiff bringing the action is a proper party. *Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676, ¶¶ 12-18. In particular, the plaintiff's standing to bring the foreclosure action is not an element of subject-matter jurisdiction. *Canale*, 2014 IL App (2d) 130676, ¶¶ 9-15.

¶ 23     Our decision in *Dina* does not support defendants' position. In that decision, we held that a mortgage made by an unlicensed lender was void as contrary to public policy. *Dina*, 2014 IL App (2d) 130567, ¶ 18. We must emphasize that our holding of voidness applied to the *contract*, and not to a judgment of the trial court. As the decision was based on principles of contract law, it speaks not at all to jurisdictional matters.

¶ 24                                    III. CONCLUSION

¶ 25     For the reasons stated, we affirm the denial of defendants' section 2-1401 petition.

¶ 26     Affirmed.